UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED STATES OF AMERICA,                :

                                                            :     OPINION AND ORDER
          -v.-

                                                           :     17 Cr. 300 (GWG)

HECTOR CRUZ,                             :

              Defendant.             :
---------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      Hector Cruz is charged with knowingly attending an animal fighting venture in April 2014, in violation of 7 U.S.C. § 2156(a)(2)(A), when he "attended an event where two roosters fought each other for purposes of sport and entertainment at a location in the Bronx, New York." See Misdemeanor Information, filed May 17, 2017 (Docket # 11). Cruz pled guilty to this charge on June 8, 2017. He is scheduled to be sentenced on February 15, 2018.

      Cruz is represented by counsel but has nonetheless made approximately ten pro se submissions since he pled guilty in which he seeks dismissal of the Misdemeanor Information filed in this case.[1] He argues that the statute under which he is charged infringes the "God given

---

[1] See Request to Dismiss with Prejudice — for Violation of Constitutionally Protected Rights (see attached evidence 70 pages (Defense Exhibits A, B, C, D and four DVD's 1 ½ hours each ..previously delivered)[)], dated Jan. 21, 2018 (Docket # 40) ("Docket # 40"); Request to Dismiss with Prejudice — for Violation of Constitutionally Protected Rights (see attached evidence 70 pages (Defense Exhibits A, B, C, D and four DVD's 1 ½ hours each)[)], dated Jan. 21, 2018 (Docket # 41) ("Request to Dismiss"). The Government has responded. See Letter from Michael C. McGinnis, dated Feb. 2, 2018 (Docket # 44).

      Cruz also submitted a number of other documents in support of his request. These documents include: (1) a letter from Cruz accompanied by a bulletin from the "Society for Preservation of Poultry Antiquities" and an email in which another individual requests to use Cruz's chicks to film a magic trick, see Letter from Hector M. Cruz, filed Jan. 26, 2018 (Docket # 42), the purpose of which Cruz asserts is to "establish some of the work that I have achieved as ambassador of the international gamefowl movement"; (2) a collection of mostly notarized

rights of New York's Gamecock Farmers," Request to Dismiss at 1, and that its enforcement violates the "1st, 2nd, 4th, 5th, 6th, 8th, 9th, 10th and 14th Amendments" to the U.S. Constitution, id. at 18. Cruz also raises a myriad of seemingly non-constitutional arguments, including that this Court lacks jurisdiction over his prosecution. See Jan. 30 Letters at *7-8.

We need not address the question of whether these arguments are precluded by Cruz's plea agreement or whether his applications are untimely under Fed. R. Crim. P. 12(b)(3). Assuming arguendo that these procedural defects could be overcome, the motions to dismiss are meritless.

The main theme of Cruz's arguments is that "animals are property" and that the Supreme

---

documents addressed to the Court, an unspecified clerk in the Southern District of New York, and the prosecutors in this action, in which Cruz claims, among other things, that he seeks to "settle this matter administratively," that "this case either has been, or will be, offered to the financial markets as part of a securitized document package whereupon significant investment income is generated," and that the Court should take "judicial notice" of certain purported limits to federal jurisdiction, see Letters from Hector M. Cruz, filed Jan. 30, 2018 (Docket # 43) ("Jan. 30 Letters"), at *1, *5, *7; (3) a "Motion to Dismiss" reiterating arguments found in one of the Jan. 30 Letters, challenging the evidentiary support for the charge in this case, and giving "notice to all parties, that, the Bid bond, and the Miller Act performance and Payment bond may need to be used as offset of the debt owed to Hector M. Cruz for the damages of abusing process of the court, in conflict with substantive and procedural law," Motion to Dismiss and Notice and Preacipe to the Clerk of the Court for Production of Bonds, GSA SF 24, GSA SF 25 & GSA SF 25A, filed Feb. 8, 2018 (Docket # 51) ("Feb. 8 Letters"); (4) three seven page "Affidavit[s] of Fact" that are virtually identical in all pertinent aspects, see Affidavit of Fact, filed Feb. 9, 2018 (Docket # 52); Affidavit of Fact, filed Feb. 12, 2018 (Docket # 55); Affidavit of Fact, filed Feb. 9, 2018 (Docket # 56) (collectively, the "Affidavits of Fact"); (5) an additional "Affidavit of Fact" that differs from those previously submitted, see Affidavit of Fact, filed Feb. 14, 2018 (Docket # 59) ("Feb. 14 Affidavit of Fact"); and (6) a document in which Cruz annotates the Government's opposition with his own responses and attaches a document titled "Defense exhibit H," which consists mostly of excerpts from an article written by former federal judge Alex Kozinski regarding the abuse of prosecutorial authority, see Defense exhibit H, filed Feb. 12, 2018 (Docket # 54) ("Defense exhibit H").

The Court notes that these submissions are in plain violation of the Court's November 2017 directive to Mr. Cruz that if he were to make a pro se motion to dismiss, it had to be limited to a submission of 25 pages. See Order, filed Nov. 27, 2017 (Docket # 34).

2

Court has held that "the right of ownership of property includes the inherent right to use ones [sic] property." See Request to Dismiss at 8 (internal quotation marks and citations omitted). In a similar vein, Cruz argues that "the Fifth Amendment of the Constitution includes the right [to] own possess and use our private property." See id. at 9. Construing this argument as asserting that 7 U.S.C. § 2156 constitutes a taking of personal property in violation of the Fifth Amendment, it has no merit. The Takings Clause of the Fifth Amendment prohibits the Government from taking private property "for public use, without just compensation." U.S. Const. amend. V. The "classic taking [is one] in which the government directly appropriates private property for its own use." Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 535 U.S. 302, 324 (2002) (internal quotation marks, alteration, and citation omitted). Although a taking may also occur when the Government regulates the use of real property to deprive it of "all economically beneficial use," Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1027 (1992), the Supreme Court has held that no taking of personal property occurs where the Government proscribes only one particular use of personal property, such as its sale, as long as the owner retains other rights to the property, see Andrus v. Allard, 444 U.S. 51, 65-66 (1979) (upholding ban on the sale of eagle feathers and noting with respect to personal property that "where an owner possesses a full 'bundle' of property rights, the destruction of one 'strand' of the bundle is not a taking, because the aggregate must be viewed in its entirety"). Insofar as the statute at issue here proscribes only one specific use of animals — namely, their use in fighting ventures — it does not constitute a taking.

The Supreme Court case Cruz cites to support this argument, City of Cuyahoga Falls v. Buckeye Community Hope Foundation, 538 U.S. 188 (2003), is completely irrelevant. That case held that a plaintiff failed to establish discriminatory intent in an equal protection challenge, or

3

arbitrary government action in a substantive due process claim, when the defendant city submitted an affordable housing site-plan ordinance to a referendum. Id. at 194-200. The case did not concern an individual's use of his or her personal property and did not hold that all uses of personal property are immune from government regulation. Indeed, although Cruz quotes this case as stating that "the right of ownership of property includes the inherent right to use ones [sic] property," Request to Dismiss at 8, neither this quotation nor any similar quotation appears in the opinion.[2]

In support of his arguments, Cruz repeatedly asserts — in an apparent Biblical reference — that "God gave man dominion (control and rule) over the earth, animals, fish and fowl, and our Constitution is written to ensure that each person is equal in the freedom and exercise of our God given rights as each individual chooses to believe these rights exist." See, e.g., Request to Dismiss at 10. Cruz asserts that this argument is made pursuant to the "First Amendment right of free exercise of religion." See Defense exhibit H at 10/15 (internal quotation marks omitted). The Free Exercise Clause of the First Amendment prohibits the enactment of any law "prohibiting the free exercise [of religion]." U.S. Const. amend. I.

This argument has no merit. Before the enactment of the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1, case law held that "[w]here the government seeks to enforce a law that is neutral and of general applicability, . . . it need only demonstrate a rational basis for its enforcement, even if enforcement of the law incidentally burdens religious

---

[2] It is possible Cruz intended to cite to a dissenting opinion in United States v. City of Detroit, 355 U.S. 466 (1958) (Whitaker, J., dissenting), which referred to the Government's "ownership" of real property and stated that the Government's ownership "included its inherent right to use . . . that property." Id. at 481. The City of Detroit case, including its dissent, is similarly irrelevant because it does not address, let alone prohibit, the regulation of partial uses of personal property.

4

practices." Fifth Ave. Presbyterian Church v. City of New York, 293 F.3d 570, 574 (2d Cir. 2002). 7 U.S.C. § 2156 is a neutral law of general applicability and easily passes muster. As one case has already held, 7 U.S.C. § 2156 is rationally related to the legitimate government interest of the "prevention of cruelty to animals and thus, survives rational basis review." United States v. Olney, 2016 WL 660886, at *3 (E.D. Wash. Feb. 18, 2016), aff'd, 693 F. App'x 652 (9th Cir. 2017). We agree with Olney's conclusion.

The RFRA provides added protection to that accorded by the Free Exercise Clause, by requiring that the "Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability" unless the burden furthers "a compelling governmental interest" and is also "the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. 2000bb-1(a)-(b). "A plaintiff alleging a violation of RFRA must [initially] demonstrate that his right to the free exercise of religion has been substantially burdened," and a court may scrutinize "whether a claimant sincerely holds a particular belief and whether the belief is religious in nature." Jolly v. Coughlin, 76 F.3d 468, 476 (2d Cir. 1996) (citation omitted). Beliefs that are "purely secular philosophical concerns" are not protected by the RFRA. United States v. Zimmerman, 514 F.3d 851, 853 (9th Cir. 2007) (internal quotation marks and citation omitted); see also United States v. Barnes, 677 F. App'x 271, 275 (6th Cir. 2017) (RFRA protects "religious belief rather than a philosophy or way of life") (internal quotation marks omitted) (quoting Gen. Conf. Corp. of Seventh-Day Adventists v. McGill, 617 F.3d 402, 410 (6th Cir. 2010)).

Here, Cruz has failed to make a showing that the act of engaging in animal fighting ventures stems from sincerely held beliefs that are religious in nature. Although Cruz continually refers to the "God given" dominion of man over animals, he does not identify any

5

specific religious tenets or practices that are burdened by the statute. Nor does he identify any religion or denomination from which his beliefs derive. Indeed, in "attest[ing] to the importance of the God given rights of the American farmer," Cruz cites quotations in which the founding fathers, including Thomas Jefferson, John Adams, James Madison, and Benjamin Franklin, exalted agriculture. See Request to Dismiss at 4. This suggests that Cruz's beliefs are philosophical or political in nature. At one point, instead of elaborating on his own religious beliefs, Cruz makes the unsupported assertion that 7 U.S.C. § 2156 forces farmers "into policies and beliefs rooted in the animal worshiping religious beliefs of Paganism." Request to Dismiss at 10. In sum, Cruz's RFRA argument fails because he has not demonstrated that 7 U.S.C. § 2156 places a substantial burden on any of his sincerely held religious beliefs.

None of Cruz's other constitutional arguments establish that the U.S. Constitution provides "gamecock farmers" — or anyone else for that matter — a right to attend or participate in animal fighting displays. Cruz's arguments include his claims that "American gamecock farmers and ranchers are a population subgroup deserving of minority status based on our cultural tradition and heritage," Request to Dismiss at 5; that laws criminalizing animal fighting ventures are unconstitutional because "moral disapproval is not an adequate basis to deprive men and women of their constitutional rights," id. at 7 (internal quotation marks and citation omitted); that a "U.S. Supreme Court decision attests that 'for a crime to exist, there must be an injured party. There can be no sanction or penalty imposed upon one because of this exercise of Constitutional rights'," id. at 8 (citation omitted)[3]; that the Government violated Cruz's Fourth

---

[3] Contrary to Cruz's assertion, the case he cites for this quotation, Sherar v. Cullen, 481 F.2d 945 (9th Cir. 1973), is not a Supreme Court decision. Moreover, Sherar does not appear to contain the first sentence in Cruz's quotation. In any event, Sherar is irrelevant because it held only that a Government employee could not be fired for failing to agree to a tax examination. Id.

Amendment rights simply because it charged him under 7 U.S.C. § 2156, see Request to Dismiss at 11-12; that being punished for violating 7 U.S.C. § 2156 constitutes cruel and unusual punishment under the Eighth Amendment, see Request to Dismiss at 15; and that prosecution under this statute violates an unenumerated right reserved to the people under either the Ninth or Tenth Amendment, see id. at 16. We do not find it necessary to address these arguments because Cruz cites no authority whatsoever that supports the claim that his prosecution is Constitutionally infirm, and we are unaware of a single case or doctrine that would suggest the statute he challenges violates the Constitution.

Cruz submitted several other documents containing arguments that are either incomprehensible or irrelevant. For example, in what appears to be a non-constitutional argument, Cruz has submitted a document in which he asks the Court to take "judicial notice of the law of this case and the evidence of the lack thereof of the Special Territorial Jurisdiction of the United States within the state of the Union, New York over lands within Bronx County." Jan. 30 Letters at *7. This argument, as well as similar arguments alleging jurisdictional defects, are included in Cruz's "Affidavits of Fact."[4] However, Cruz's jurisdictional arguments derive from his own notion of what constitutes jurisdiction. He alleges no facts or legal doctrine suggesting that this Court lacks jurisdiction over his case under the legal meaning of that term.

---

at 948.

[4] These arguments include assertions that the Government lacks authority to prosecute this case because neither the Governor of the State of New York nor the Attorney General has given permission to initiate this action, and because there is no proof "of your compliance with the federal register to give you delegated authority." Affidavits of Fact at 1-3. Cruz's February 14 Affidavit of Fact contains additional arguments regarding venue and jurisdiction that are without merit, and also asserts new "facts" that are nearly incomprehensible, and in any event, entirely unrelated to this case

We therefore reject these arguments.

In his February 8 submission, Cruz also challenges the sufficiency of the evidence supporting his charge in this case — a charge to which he pled guilty — and claims that there is no "consent or contract with the corporation, United States of America Inc.," nor any "proof of a bond and statutory agent for the foreign corporation United State of America Inc." See Feb. 8 Letters at *1-2. Cruz also "give[s] notice to all parties, that, the Bid bond, and the Miller Act performance and Payment bond may need to be used as offset of the debt owed to Hector M Cruz for the damages of abusing process of the court, in conflict with substantive and procedural law." Id. at *5. Cruz's argument that the charge in this case is unsupported by probable cause or is otherwise insufficiently supported by evidence is refuted by Cruz's own admission at the plea allocution that he "attended an event in the Bronx where two roosters fought." Plea Transcript, filed July 6, 2017 (Docket # 13), at 9-10. This statement is enough to show that he "knowingly attended an animal fighting venture," which is defined in part as "a fight conducted or to be conducted between at least 2 animals for purposes of sport, wagering, or entertainment." 7 U.S.C. § 2156(g)(1). The remainder of Cruz's arguments are incomprehensible and present no ground for relief.

In Defense exhibit H, Cruz also submits a lengthy excerpt from an article written by former federal judge Alex Kozinski regarding the abuse of prosecutorial authority, as well as select quotes relating to conspiracy, the duty of judicial officers to obey the Constitution, and annotations to the Government's submission. See generally Defense exhibit H. Even liberally construed, none of these statements raise any argument warranting dismissal of the information. To the extent he intends to allege prosecutorial misconduct, he has provided no evidence or argument suggesting there was any such misconduct.

Conclusion

For the reasons stated above, Cruz's pro se applications to dismiss the Misdemeanor Information filed in this case (Docket ## 40, 41, 42, 43, 51, 52, 54, 55, 56, 59) are all denied.

SO ORDERED.

Dated: February 15, 2018
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge